HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JILL WILLIAMS, individually and as personal representative of the ESTATE OF JAMES K. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br><br>Defendant. | Case No. C05-5371RBL<br><br>ORDER |

This matter is before the court on the defendant United States Motion to Dismiss Plaintiff's complaint for failure to state a claim.

The facts are apparently undisputed. In 2000, the IRS filed a Notice of Federal Tax Lien with the Pierce County Auditor for income tax arrears owed by plaintiff's husband, James Williams[1] for 1990-1994. On April 22, 2003, Mr. Williams passed away. At that time he owned various real property in Pierce County. On June 6, 2003, Pierce County foreclosed on that property[2], resulting in a surplus of approximately $67,000.

On January 2, 2004, Plaintiff Jill Williams was named the personal representative of her

---

[1] Neither party addresses the relationship between the plaintiff and Mr. Williams directly, nor why she as the spouse was not liable for the taxes as well. The amount owed was more than $425,000.

[2] The materials submitted do not address the County's apparent ability to obtain priority over the IRS liens, though it does not appear that the motion or the litigation turns on that issue.

ORDER
Page - 1

husband's estate. As part of the probate of that estate, a "notice of creditors" was issued pursuant to Washington law in January 2004.  The IRS did not file a claim in that process.

On August 2, 2004, while the probate was pending, the IRS issued a levy to the County for the surplus.  On August 18, 2004, the County paid that surplus to the IRS.  Three months later, on November 8, 2004, Plaintiff was awarded $40,000 of "family maintenance and spousal support" by the Pierce County Superior Court.  She brought this action in June, 2005, seeking to recover that $40,000 from the IRS levy proceeds.

The IRS argues that Plaintiff Williams has no standing to assert a wrongful levy claim.

Mrs. Williams argues that she does, and that the state law probate "trumps" the tax lien, as the surplus funds became part of his probate estate immediately upon his death.

In order to bring an action against the United States for wrongful levy under 26 U.S.C. §7426, the plaintiff must establish (1) that she had an interest in the property at the time of the levy and (2) that the property levied upon was not the property of the taxpayer.  *See Schuppert v. United States*, 976 F.Supp 781 (C.D. Ill. 1997); *Century Hotels v. United States,* 952 F.2d 107 (5th Cir. 1992).

Plaintiff argues that while the decedent owned the property at issue (and owed the taxes referenced in the tax liens) prior to his death, her statutory right to an award in lieu of homestead under Chapter 11.54 RCW became fixed upon his death.  Plaintiff claims that her right to an award despite the liens is absolute and depended only upon her compliance with the statutory requirements for obtaining one.  She argues that state law, and not federal law, controls, citing *Mapes v. United States*, 15 F.3d 138 (9th Cir. 1994), and further that that state law scheme favors and award and is to be construed liberally in order to achieve one.

Defendant argues that *Mapes* was abrogated by the Supreme court's decision in *Drye v. United States*, 528 U.S. 49 (1999), and that under that authority "once it has been determined that the state law grants a taxpayer [Mr. Williams] a sufficient interest in real property, state law cannot prevent the attachment of liens created by federal statutes in favor of the United States." *See Drye*, 528 U.S. at 58-61.

ORDER
Page - 2

1    Th government's position on this point appears to be correct.  In any event, it is also
2    apparent Mrs. Williams' award was not made by the probate court – she had not fully complied
3    with the state law statutory requirements – until November 2004, some three months after the IRS
4    has levied against the surplus proceeds from the foreclosure sale.  The award in lieu of homestead,
5    like a homestead itself, is not automatically awarded or "vested" upon the death of the taxpayer,
6    under Chapter 11.54 RCW.  Instead, the claimant must petition the court for an exempt award.
7    *See* RCW 11.54.080.
8    The Plaintiff has failed to state a claim for wrongful levy against the United States.  (1) she
9    did not have "an interest" in the property at the time of the levy, as she had not yet petitioned, or
10   been granted, her award at that time.  Thus, she fails the first portion of the standing test for
11   challenging a levy under 26 U.S.C. §7426.  (2) The Plaintiff's decedent *did* have an interest in the
12   property at the time of his death, as it apparently passed into his estate at that time.  (3) The
13   Supreme Court has held that state law cannot operate to avoid a lien once it has been determined
14   that Mr. Williams had an interest which was properly liened.  The Defendant's Motion to Dismiss
15   for failure to state a claim [Dkt. #8] is therefore GRANTED.

17   DATED this 25th day of October, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE